IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ERICA HERNDERSON as Special Administrator of the Estate of DAVID HENDERSON, and ERICA HENDERSON, Individually,<br><br>        Plaintiff,<br><br>   vs.<br><br>ARMSTRONG INTERNATIONAL INC., et al.,<br><br>        Defendants. | Case No. 14-cv-00555-SMY-DGW |

**MEMORANDUM AND ORDER**

This matter comes before the Court on defendant Armstrong International, Inc.'s Motion to Dismiss Counts IV & V of Plaintff's Complaint (Doc. 141) and Plaintiff's Motion to Voluntarily Dismiss Counts IV and V against Armstrong (Doc. 146).

The plaintiff filed his initial complaint in the Third Judicial Circuit, Madison County, Illinois. (Doc. 2). The plaintiff alleges that the defendants, including Armstrong International, caused or contributed to an asbestos injury and that they negligently (Count IV) and/or willfully and wantonly (Count V)spoiled evidence. (Doc. 2). Armstrong International filed its Motion to Dismiss Counts IV & V of Plaintff's Complaint (Doc. 141) on November 7, 2014. And Plaintiff, rather than filing a response, filed a Motion to Voluntarily Dismiss Counts IV and V against Armstrong (Doc. 146). Armstrong has asked that the counts be dismissed with prejudice while Plaintiff has asked that the counts be dismissed without prejudice.

"[T]he decision to dismiss with or without prejudice is left to the sound discretion of the court." *Sherrod v. Lingle,* 223 F.3d 605, 614 (7th Cir.2000). In this case, dismissal with

prejudice is not warranted.  If the Plaintiff can develop evidence in the course of discovery that defendants could anticipate lawsuits and that they should have preserved evidence, it may be appropriate to file a motion for leave to amend in order to reinstate the claim. As to the claims for willful and wanton spoliation, Illinois law has never recognized this claim. However, should the Illinois Supreme Court recognize the claim during the pendency of the case or should Plaintiff present evidence that would place the claim squarely in a forum that does recognize the claim, Plaintiff may appropriately seek leave to amend.

    For the foregoing reasons, the Court **GRANTS** Plaintiff's Motions to Dismiss Counts IV and V without prejudice (Doc. 146).  Defendant Armstrong's Motion to Dismiss (Doc. 141) is **DENIED** as Moot.

**IT IS SO ORDERED.**

**DATED: December 19, 2014**

                                          _/s/_ Staci M. Yandle____
                                          **STACI M. YANDLE**
                                          **DISTRICT JUDGE**